**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                  Plaintiff,

- v -                                 Civ. No. 8:13-CV-1400 (RFT)

Any and all funds on deposit in SeatComm Federal Credit Union Account No. XXX567 in the name of Jeffrey Lazare

                  Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

HON. RICHARD S. HARTUNIAN      GWENDOLYN E. CARROLL
UNITED STATES ATTORNEY           Assistant U.S. Attorney
NORTHERN DISTRICT OF NEW YORK
*Attorney for the United States of America*
U.S. Courthouse and Federal Building
100 South Clinton Street
Syracuse, New York 13261

LIPPES MATHAIA WEXLER           DENNIS C. VACCO, ESQ.
FRIEDMAN LLP
*Attorney for Claimant Jeffrey Lazare*
665 Main Street, Suite 300
Buffalo, New York 14203

**RANDOLPH F. TREECE
United States Magistrate Judge**

**DECISION and ORDER**

On November 8, 2013, the United States of America (hereinafter "the Government") filed a Verified Complaint of Forfeiture in Rem for the SeaComm

"Federal Credit Union #XXX567 account in the name of Jeffrey Lazare." Dkt. No. 1, Compl. The Government contends that Lazare was (1) promoting money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), (2) concealing proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B), and (3) knowingly shipping and distributing contraband tobacco products and/or making false statements with respect to information required to be kept of such products in violation of 18 U.S.C. § 2342. *Id*. at ¶ 1. The total corpus of the bank account amounting to $957,065.06 was seized on June 13, 2013, and currently is in the custody of the Internal Revenue Service. *Id*. at ¶¶ 2-5. The seizure and this Complaint are pertinent to an investigation that Lazare may be manufacturing tobacco products without the appropriate permits and without paying the appropriate taxes. *Id*.

On November 12, 2013, the Honorable Mae A. D'Agostino, United States District Judge, issued a Warrant of Arrest for the bank account, and established parameters as to how notice of the Warrant should be promulgated and how a verified claim to the account should be interposed. Dkt. No. 2. On December 24, 2013, Jeffery Lazare filed a Verified Claim. Dkt. No. 5. On February 3, 2014, Judge D'Agostino issued an Order barring all further claims to this account. Dkt. No. 12. On April 8, 2014, the parties consented to have the undersigned preside over this

matter, pursuant to 28 U.S.C. § 636(c), and, on April 10, 2014, a Stipulated Scheduling Order was issued, setting the discovery deadline as July 20, 2014. Dkt. Nos. 14 & 15.

A month after the discovery deadline had expired, the Government filed a Motion for Summary Judgment seeking forfeiture of the bank account pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C). Dkt. No. 16, Gov't Mot. for Summ. J, dated Aug. 20, 2014. The Government contends that it has established, by the preponderance of the evidence, that Lazare's bank account constitutes the proceeds of his contraband cigarette sales and the currency involved represents a money laundering violation. In asserting that there are no genuine issues of material fact to interfere with the granting of a judgment in its favor, the Government principally and primarily relies upon the contents of the Verified Complaint and Lazare's invocation of his Fifth Amendment privileges, which consequently may militate against him positing that he is an "innocent owner." Apparently, when responding to the Government's discovery demands, particularly its Request for Admissions, Lazare ultimately asserted his Fifth Amendment right to remain silent. Because Lazare asserted his constitutional right to remain silent and failed to answer any of the Government's discovery demands, the Government urges this Court to draw an adverse inference. *See generally* Dkt. No. 16-1, Gov't Mem. of Law, dated

Aug. 20, 2014.

On September 15, 2014, Lazare filed his Opposition to the Government's Motion for Summary Judgment. Dkt. No. 18. Among the many challenges, Lazare notes that he is currently facing a parallel criminal investigation, and under these circumstances, he was compelled to invoke his Fifth Amendment rights. Dkt. No. 18, Def.'s Mem. of Law, dated Sept. 15, 2014. Lazare posits that he has been engaged in an ongoing dialogue with the various relevant parties in an effort to coordinate a resolution of the interrelated forfeiture proceeding and criminal investigation.[1] In effect, Lazare was attempting to reach a concurrent settlement with both the criminal and civil divisions of the United States Attorney's Office. *Id*. at p. 6. Under this scenario, resolving the forfeiture proceedings prior to a resolution of the criminal investigation, in Lazare's view, would adversely impact him in both proceedings. Because discovery in the civil matter was advancing much more rapidly than a resolution of the criminal matter, which obviously poses the more austere sanctions for him, Lazare concluded, on the advice of counsel, that it was in his best interest to invoke his Fifth Amendment rights. *See generally id*. "Until such a time as the criminal investigation is concluded," Lazare contends the Government's Motion is

---

[1] The Verified Complaint confirms that there has been an ongoing investigation and that grand jury subpoenas had been issued. Dkt. No. 1, Compl. at ¶¶ 21- 23.

premature. *Id*. at pp. 4-6.

With both parties acknowledging that there is indeed parallel criminal and civil proceedings, it is bewildering to learn that neither party attempted at an early stage to seek a stay of this proceeding. Rather than exclaiming that the Government's Motion is premature, Lazare could have moved to stay this civil forfeiture proceeding based upon the proposition that the "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2)(C). The Second Circuit has continuously recognized that the "government['s] virtual[] unchecked use of the civil forfeiture statute," potentially generates "troublesome fifth amendment problems" and may lead to a disregard for due process as well as other potential abuses. *United States v. Funds Held in the name of Benefit of Weterer*, 210 F.3d 96, 110 (2d Cir. 2000); *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 905 (2d Cir. 1992). Stated another way, "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives the privilege in the civil litigation." *Louis Vuitton Malletier v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citations omitted). Under these circumstances, there can be a minimal constitutional violation if it is found that a claimant is beset by substantial

prejudice in either context. *Id*. at 100. Moreover, a defendant in a civil proceeding who invokes his Fifth Amendment rights because of an overlapping criminal investigation risks the consequence of an adverse inference. *Id*. at 97-98 (citing, *inter alia*, *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Fundamental fairness is at stake. "Through [a] courageous and sensitive application of their discretionary powers the discovery courts can ensure that 'due process' remains a reality and is not reduced to a mere encomium." *All Assets of Statewide Auto Parts, Inc.*, 971 F.2d at 905.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton*, 676 F.3d at 96 (citations omitted). This inherent authority does not, however, grant a court the power to pronounce a stay *sua sponte*. Even if it did, the court would not act so precipitously. A stay, pursuant to the statute, is premised upon either party in a civil forfeiture proceeding moving for such a relief. *See* 18 U.S.C. § 981(g)(1) & (2). However, the person seeking the stay bears a heavy burden of establishing the need for such. *Louis Vuitton*, 676 F.3d at 97 (citation and quotation marks omitted); *see accord Guggenheim Capital LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013). In terms of a claimant moving for the stay, he would have to show that his constitutional rights

have been vitiated or that he has been gravely and substantially prejudiced in defending his rights. *Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26 (2d Cir. 2013) (citation omitted). More essential however, a court should conduct a

> studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to the party, the public or the court . . . . The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case.

*Louis Vuitton*, 676 F.3d at 99 (citations and quotation marks omitted).

Before the Court proceeds further with Government's Motion for Summary Judgment, I must know whether either party, especially Lazare, intends to move for a stay. Additionally, the proprietary of imposing a stay requires a more complete discussion between the parties. Even though a court "enjoys great latitude in granting or denying a stay based upon a studied judgment of the particular facts before it," in order for the Court to complete this prudential task, greater amplification of the record is required. *Ironbridge Corp. v. CIR,* 528 F. App'x 43, 46 (2d Cir. 2013) (citation and quotation marks omitted).

Accordingly, either party may move for a stay, pursuant to 18 U.S.C. § 981(g), on or before **January 16, 2015.** Opposition to a motion shall be filed by **January 23, 2015**. No reply to any opposition will be permitted and said motion will be on submit.

The Government's Motion for Summary Judgment is stayed pending a resolution of any prospective motion to stay.

    **IT IS SO ORDERED**.

January 7, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge