**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                        Plaintiff,

    - v -                                      Civ. No. 8:13-CV-1400 (RFT)

Any and all funds on deposit in SeatComm Federal
Credit Union Account No. XXX567 in the name of
Jeffrey Lazare

                        Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

HON. RICHARD S. HARTUNIAN        SEAN K. O'DOWD
UNITED STATES ATTORNEY            Assistant U.S. Attorney
NORTHERN DISTRICT OF NEW YORK
*Attorney for the United States of America*
U.S. Courthouse and Federal Building
100 South Clinton Street
Syracuse, New York 13261

LIPPES MATHAIA WEXLER           DENNIS C. VACCO, ESQ.
FRIEDMAN LLP                          STACEY L. MOAR, ESQ.
*Attorney for Claimant Jeffrey Lazare*
665 Main Street, Suite 300
Buffalo, New York 14203

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

      Pending before the Court is the Government's Motion for Summary Judgment seeking forfeiture of the bank account identified in the caption above, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), which is opposed by Jeffrey Lazare. *See* Dkt. Nos. 16, Gov't

Mot. for Summ. J., & 18, Claimant Mem. of Law in Opp'n. In reviewing the Motion for Summary Judgement, it was revealed to the Court that indeed there is a parallel criminal investigations and conceivably a continuation of this civil forfeiture proceeding may burden Claimant Lazare's right to not incriminate himself in the related criminal investigation. The Court also learned that when Lazare was asked to respond to certain interrogatories, he invoked his Fifth Amendment right not to incriminate himself. Lazare was confronted with this Hobson choice of being prejudiced in the civil litigation because he had asserted his Fifth Amendment right, or being prejudiced in a criminal litigation if he waived that privilege in this forfeiture case. Because a related criminal investigation was on a parallel track with this civil forfeiture proceeding, the Court raised whether the specter of a stay, pursuant to 18 U.S.C. § 981(g)(1) and (2), would inherently promote fundamental fairness which ostensibly may have been at stake. However, a stay would require the Court to conduct a studied judgment as to whether the civil action should be stayed on these particular facts. Therefore, before proceeding further with the Government's Motion, the Court granted either party an opportunity to move for a stay. *See generally* Dkt. No. 24, Dec. & Order, dated Jan. 7, 2015.

On January 16, 2015, Lazare filed a Motion seeking a stay of this civil forfeiture proceeding, pursuant to 18 U.S.C. § 981(g), while the related criminal investigation remains pending. Dkt. Nos. 25, Notice of Mot., dated Jan. 16, 2015, 26, Claimant's Mem. of Law, undated, & 27, Dennis C. Vacco, Esq., Decl., undated. For the most part, Lazare elaborates upon the very same factors identified in the Court's earlier Decision and Order. Lazare advises the Court that the related criminal investigation continues and there have been

confidential negotiations that will have a bearing on whether an indictment will be handed down or that this civil forfeiture action will be resolved. For him, an indictment remains a real possibility. In light of a possible looming indictment, Lazare posits that if the forfeiture proceeding is not stayed, there will be a significant burden foisted upon his ability to continue to invoke his Fifth Amendment right. Lazare argues that the Government will not be adversely impacted should a stay be granted and that the interest of the pubic and the Court will be well served if there is a stay. For these reasons, Lazare urges the Court to grant a stay. *See generally* Dkt. No. 26, Claimant's Mem. of Law.

The Government responded by informing the Court that it does not oppose Lazare's Motion for a Stay of this civil forfeiture proceeding. Dkt. No. 28, Gov't Lt.-Br., dated Jan. 22, 2015.

Lazare has presented sufficient facts to satisfy the Court's particularized inquiry into the circumstances and the competing interests in this case. Because of the concurrent and related criminal matter, there is risk to Lazare of an adverse inference in this case if he continues to cling to his Fifth Amendment privilege or, conversely, a probable diminution of his vested constitutional right should he withdraw it in order to oppose the Government's quest for forfeiture of this substantial asset. Even recognizing that the Government does not oppose Lazare's Motion, Lazare has met his burden of establishing a need for a stay.

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that Lazare's Motion Seeking a Stay, Dkt. No. 25, is **GRANTED**. All proceedings, including the Government's Motion for Summary Judgment, are **STAYED**

pending a resolution of the criminal investigation and/or matter; and, it is further

**ORDERED** that the parties shall file a status report with the Court upon the resolution of the criminal matter; and it is further

**ORDERED** that the Clerk of the Court shall post a Stay flag on this case docket until further notified by the Court.

**IT IS SO ORDERED**.

January 27, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge